JOANOS, Judge.
Claudia Washington appeals from the judgment and sentence imposed after pleading nolo contendere to reduced charges of battery on a law enforcement officer, grand theft, and aggravated assault. Appellate counsel has advised that after a review of the record and discussions with trial counsel as to the designated judicial act for review, she found no appealable error nor could she make a reasonable argument with respect to the designated judicial act. Therefore, in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel filed a motion requesting this court to issue an order permitting appellant to file her own brief, which order was issued. Appellant has not filed a brief.
Our review of the record indicates that the sentencing scheme devised by the trial court in this case is not authorized by statute. The convicted offenses in this case were all third degree felonies.[1] The maximum penalty for a third degree felony is five years incarceration. See § 775.082(3)(d), Fla.Stat. (1985). The Category 6 guidelines scoresheet prepared in this case reflects a total of 85 points, with a recommended sentencing range of 372 to 472 years, and a permitted range of 272 to 572 years. The trial court imposed concurrent 472 year sentences, to be followed by two probationary periods of six months each, the probationary periods to run consecutively to each other. The practical effect of the sentencing disposition in this case has been to create an unauthorized gap between prison time and probation in regard to one of the sentences. See § 948.01(8), Fla.Stat. (1987). Our conclusion is based primarily upon the language of the last sentence in subsection (8) which reads: “The period of probation ... shall commence immediately upon the release of the defendant from incarceration, whether by parole or gain-time allowances.” (emphasis supplied).
Because the sentencing disposition employed in this case suggests a problem not contemplated by the sentencing statutes, and because of the closeness of the question, we certify the following to the Florida Supreme Court as a question of great public importance:
WHEN IMPOSING A SENTENCING SCHEME WHICH INVOLVES INCARCERATION AND PROBATION, MAY THE TRIAL COURT IMPOSE CONSECUTIVE PERIODS OF PROBATION WHEN THE RESULTING PERIOD OF COURT CONTROL WILL CREATE A TIME GAP BETWEEN RELEASE FROM INCARCERATION AND COMMENCEMENT OF PROBATION IN REGARD TO ONE SENTENCE.
Accordingly, we reverse the consecutive probationary periods imposed in this case, and remand for imposition of concurrent periods of probation. In all other respects, the judgment and sentences are affirmed.
BOOTH and BARFIELD, JJ., concur.

. In Case No. 86-5011, appellant pled nolo con-tendere to a violation of § 812.014(2)(b), Fla. Stat. (1985), grand theft of property valued at $295, a third degree felony; and to § 784.021(l)(a), Fla.Stat. (1985), aggravated assault with a deadly weapon without intent to kill, a third degree felony. In Case No. 89-3414, appellant pled nolo contendere to a violation of § 784.07(2)(b), Fla.Stat. (1987), battery on a law enforcement officer, a third degree felony.